# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WORKFORCE BROKERS, LLC, D/B/A MANPOWER RESOURCES AND D/B/A MANPOWER SOLUTIONS<br><br>     Plaintiff,<br><br>v.<br><br>MANPOWERGROUP, INC., A WISCONSIN CORPORATION<br><br>     Defendant,<br><br>_____ | CIVIL ACTION NO:_____ |

## COMPLAINT FOR DECLARATORY JUDGMENT, AND RELIEF PURSUANT TO THE LANHAM ACT, 15 U.S.C. § 1051, 1125

The Plaintiff, Workforce Brokers, LLC, d/b/a Manpower Resources and d/b/a Manpower Solutions, states the following for its Complaint against the Defendant, ManpowerGroup, Inc., under oath and penalty of perjury:

NATURE OF ACTION

1.  This is a cause of action under the Declaratory Judgment Act (28 U.S.C. § 2201) against the Defendant, ManpowerGroup, Inc., wherein the Plaintiff seeks an order declaring that Plaintiff's use of its service marks "Manpower Resources" and "Manpower Solutions", and the use of Plaintiff's domain

1

"manpower911.com" do not infringe upon the trademark(s) of ManpowerGroup (Serial Nos. 78765979, 0921701, and 72026843) and for entry of an order declaring that the Defendant's "Manpower" trademarks are or have become a generic term in today's employment industries and otherwise are not entitled to federal trademark protection under the Lanham Act, 15 U.S.C. § 1051, *et. seq.*

## THE PARTIES

2. The Plaintiff is a Georgia limited liability company with its principal place of business being in Norcross, Gwinnett County, Georgia.

3. The Defendant is a Wisconsin corporation, with offices throughout the United States, internationally, and within the Atlanta metropolitan area, including Gwinnett County where Plaintiff is located.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1331 and 1338, 15 U.S.C. § 1121(a) (federal trademarks); 15 U.S.C. § 1114(2)(D), 1125(d) ("Anti-cybersquatting Consumer Protection Act) and 28 U.S.C. § 2201 (declaratory judgments).

5. To the Plaintiff's knowledge, and although a justiciable case and controversy exists with regard to the domain "manpower911.com" and associated marks of "Manpower Resources" and "Manpower Solutions", no administrative

claim has been submitted or other action taken under the Uniform Rapid Suspension System and Uniform Domain Name Dispute Resolution Policy ("UDRP") to enjoin the Plaintiff from operating its website under the domain "manpower911.com." 15 U.S.C. § 1114(2)(D); 1125(d).

6. Venue is proper in this court as both parties are within this court's physical jurisdiction and the matters complained of took place in whole or in part and will continue to place in the Northern District of Georgia. 28 U.S.C. § 1391(b(1) and (2), (c)(3).

## FACTUAL BACKGROUND

7. The Plaintiff presently does business under two trade names, "Manpower Resources" and "Manpower Solutions."

8. Manpower Resources has been used by Plaintiff as both a company name and service mark since April 2013 to identify Plaintiff as the source of its temporary employment agency services.

9. The temporary employees "Manpower Resources" provides to its customers, namely third party private construction companies in need of temporary increased labor pools, include skilled and e-verified employees for drywall hanging, finishing, and painting.

10. Manpower Solutions has been used as a trade name and service mark of the Plaintiff since May 2015. This service mark is used by Plaintiff to identify it

as the source of its temporary employment agency services in the warehousing industry.

11.     The Manpower Solutions employees available for hire by third party warehousing businesses include warehouse packers, loaders, labelers, and shipping personnel.

12.     Plaintiff's annual gross revenue for Manpower Resources is about $3,500,000. Plaintiff's annual gross revenue for Manpower Solutions is about $1,000,000. (Declaration of George Ivanov, is attached and incorporated herein).

13.     Both Manpower Resources and Manpower Solutions customers and employees can access the Plaintiff for jobs requests through a common website, "manpower911.com."  Although the business name was recently changed to Workforce Brokers, LLC as part of a company restructuring in which the mark "Manpower Solutions" would be used for the warehouse clients in need of temporary employees, and "Manpower Resources" for construction clients, the domain has been used by Plaintiff since April 2013.

14.     Prior to receiving a cease and desist letter from Defendant dated February 16, 2016, the Plaintiff was using its marks as well as the domain name to identify it as the source of its own services, all without objection or complaint from the Defendant.

15. Plaintiff applied for federal trademark protection of both of its marks on March 3, 2016, Serial No. 86928356 (Manpower Solutions) and Serial No. 86928274 (Manpower Resources). The Registration numbers have not yet been issued.

16. The word "manpower" standing by itself is and has been continuously used in the temporary employment agency industry to refer to the available pool of human workers. *See e.g.*, *dictionary.com/browse/manpower* ("power in terms of people available or required for work . . . .").

17. The Plaintiff and its customers use the word "manpower" routinely to mean the pool of available workers on a job. The Plaintiff's marks conversely, include a unique combination of words to comprise a two-word term, namely "Manpower Resources" and "Manpower Solutions." The sound and meaning is completely different than the stand alone word "manpower."

18. Using these phrases as marks for separate and distinct temporary employment agency services for construction and warehouse clients, and the domain name "manpower911.com", the Plaintiff has never obtained a single client or employee of Defendants due to some "mix-up" or confusion in the minds of the public or a prospective client about the Plaintiff actually being the Defendant, or vise versa.

19. Some period of time around February 16, 2016, the Plaintiff received a cease and desist demand from Defendant.

20. The demand letter claimed the Plaintiff's use of the domain name and service marks "Manpower Resources" and "Manpower Solutions" infringed upon the Defendant's "Manpower" marks in the area of employment agency services, that actual confusion had been found, and demanding relinquishment of the "manpower911.com" domain and marks despite years of use with no objections.

21. The Plaintiff objected to the cease and desist demand and put Defendant on notice that it had valid common law and pending federal registration rights in its own marks, and asserted that it had not infringed in any way on the "manpower" marks, giving rise to a bona fide case and controversy.

22. The Plaintiff has used its marks and domain to identify it as the source of its services, and others routinely use the stand alone generic word "manpower" as a noun in the construction and warehousing industry, and not to refer to the Defendant.

23. The federal trademark registry has non-temporary employment agency registrants that use the word "manpower" in its marks. The word "manpower" when combined with other words to form a mark are distinct from the stand-alone noun "manpower" as evidenced by the other marks on the federal registry.

24. It is impossible and unfair to provide one temporary employment agency the exclusive rights to the stand alone word "manpower" in the services classification applicable to temporary construction and warehousing employees because the word is or has become a noun used to refer to workers generally and not any one company's workers. The Defendant has failed to prevent or change the word "manpower" into meaning the corporate Defendant as a source of temporary employment agency and staffing services.

25. A simple search on any popular search engine online shows the word "manpower" has and continues to be used today primarily as a noun meaning the available "human workers" for a job or labor to be performed.

26. The Plaintiff and others are unable to communicate or otherwise distinguish between "manpower" provided by any employment agency or employer and those temp agency employees and services provided by Defendant under their "Manpower" word trademark.

27. The Plaintiff is not aware of any efforts on the part of the Defendant to police its mark "manpower" in the context of temporary employment agency services. U.S.C. § 1127 (acts of commission and omission leading to mark becoming generic).

28. As a result of the Defendant's actions, inactions, and/or inability to police the use of the word "manpower" in the context of employment agency

services, and the evolution of the temporary employment agency services since the mark "manpower" was first given trademark protection in 1956 (Serial No. 0921701) to become a generic noun, such registration should be cancelled and all temporary employment agencies including the Plaintiff permitted to use the word "manpower" generally as a noun and as part of compound word marks that are otherwise registrable on the principal registry under 15 U.S.C. § 1052.

### COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND CANCELLATION OF DEFENDANT'S REGISTRATION OF SERIAL NUMBER 0921701

29. The Plaintiff incorporates herein paragraphs 1 to 28 above into this Count of the Complaint.

30. The Plaintiff's use of the marks "Manpower Solutions" and "Manpower Resources" do not infringe upon the Defendant's "manpower" trademarks.

31. The Plaintiff's pending applications should be allowed to be completed before the United States Patent and Trademark Office before any infringement claims or controversies between the parties are litigated.

32. The Plaintiff requests a declaratory order finding that use of its marks "Manpower Resources" and "Manpower Solutions" and the domain "manpower911.com" do not infringe upon the Defendant's marks.

33. The Plaintiff further requests a declaratory order finding the actions and inactions of the Defendant above in failing or preventing the word "manpower" from becoming a generic term for human workers available for a project or job constitutes abandonment of Serial No. 0921701 as defined by U.S.C. § 1127 ("abandonment" definition).

## COUNT II: NON-INFRINGEMENT AND ANTI-CYBERSQUATTING

34. The Plaintiff further seeks a declaratory order finding that its use of the domain "manpower911.com" does not infringe upon the rights of the Defendant with regard to any of its marks and otherwise has been and may continue to be lawfully used by the Plaintiff.

WHEREFORE, the Plaintiff, Workforce Brokers, LLC d/b/a Manpower Resources and d/b/a Manpower Solutions prays that:

a. The Court find a bona fide case and controversy exists in light of the threatened litigation by Defendant relating to the marks and domain;

b. The Court enter a declaratory order finding that

  i. The Defendant's "manpower" mark (serial no. 0921701) is generic and otherwise no longer entitled to trademark protection;

  ii. The Plaintiff's use of its marks and domain do not infringe upon any valid marks of the Defendant, and to the extent necessary, any

infringement claims by Defendant be stayed pending the outcome of the pending application for registration by Plaintiff of "Manpower Resources" and "Manpower Solutions"; and

c. The Court grant Plaintiff such further and additional relief that the Court deems appropriate.

Dated: May 6, 2016.

                                                 s/ Chris Denison
                                                 Chris Denison, Ga. Bar. No. 510724
                                                 Attorney for Defendants

5614 Lancashire Lane
Cumming, GA 30041
Phone: 678-367-8672
Fax: 678-802-4773
cdenison@denisonandassociates.com

## FONT CERTIFICATION

Under signed counsel certify that the foregoing COMPLAINT FOR DECLARATORY JUDGMENT has been prepared with one of the font and point selections approved by the court in LR 5.1B.

                                                 s/ Chris Denison
                                                 Chris Denison, Ga. Bar. No. 510724